1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID B. FENNEN,

                    Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                  Defendant.

Case No. C12-5528-BAT

**ORDER AFFIRMING THE
COMMISSIONER'S DECISION
AND DISMISSING THE CASE**

       David B. Fennen seeks review of the denial of his Disability Insurance Benefits

application.  He contends the ALJ erred at step two by failing to find Post Traumatic Stress

Disorder ("PTSD") was a severe impairment.  Dkt. 15.  Finding no reversible error, the Court

**AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

       The ALJ found at step one of the five step disability evaluation process Mr. Fennen had

not worked from November 30, 1999, the alleged onset date, through June 30, 2000, his date last

insured.  At step two, the ALJ found, through the date last insured, there were no medical signs

or laboratory findings to substantiate the existence of a medically determinable impairment.

Accordingly, the ALJ found Mr. Fennen was not under disability from his onset date through

June 30, 2009, the date last insured.  Tr. 16-25.

       Mr. Fennen contends the ALJ erroneously found PTSD was not a severe impairment.

1    There is no dispute that in 2009 and 2010, Roger Bailey, Ph.D., and Debra Brownlee, Ph.D.,

2    diagnosed Mr. Fennan with PTSD.  Tr. 646, 652.  Both doctors noted Mr. Fennen was a Vietnam

3    War veteran who reported PTSD symptoms beginning in 1971.  *Id.*  Mr. Fennen argues the ALJ

4    erred by failing to find the doctors' diagnosis of PTSD was retroactive to the relevant insured

5    time period.[1]  *See* Dkt. 15 at 3-6.

6           The retroactivity of the doctors' opinions is critical, here, because the doctors examined

7    Mr. Fennen more than nine years after the date last insured.  While "medical reports are

8    inevitably rendered retrospectively and should not be disregarded solely on that basis,"[2] a

9    retrospective opinion may be discredited if it is inconsistent with, or unsubstantiated by, medical

10   evidence from the period of claimed disability.  *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.

11   1995).  Consistent with this rule, the ALJ properly discounted the doctors' opinions as to the

12   relevant time period, and correctly found PTSD was not a medically determinable impairment

13   through the date last insured.

14          The ALJ correctly found there were no medical records pertaining to the relevant time

15   period that showed Mr. Fennen had any mental health problems.  Tr. 23.  The ALJ noted Mr.

16

17   [1] Mr. Fennen also argues the ALJ erred in rejecting the lay testimony of his son, Ryan Finley.
     Dkt. 15 at 9.  Ryan Finley is not an acceptable medical source and the ALJ thus did not err in
18   rejecting his testimony in determining whether PTSD was a medically determinable impairment.
     This is because the existence of a medically determinable severe impairment may only be
19   established based on evidence from an acceptable medical source, such as a licensed physician.
     20 C.F.R. § 404.1513(a).  The ALJ also did not err in rejecting Mr. Finley's testimony about Mr.
20   Fennen's PTSD symptoms because the ALJ properly found PTSD was not a medically
     determinable impairment during the relevant period.  Where there are no medical signs or
21   laboratory findings to substantiate the existence of a medically determinable impairment, the
     ALJ must find the claimant not disabled at step two, regardless of how many symptoms a
22   claimant alleges or how genuine the complaints may appear to be.  SSR 96-4p.
     [2] *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) *see also* Social Security Ruling ("SSR")
23   83-20 ("In some cases, it may be possible, based on the medical evidence to reasonably infer that
     the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded
     medical examination, e.g., the date the claimant stopped working.").

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 2

Fennen had a hernia repair[3] in 1999, and that the records regarding this condition did not

mention mental health problems.  *Id.*  The ALJ also found between 1999 and 2006, "there are no

subsequent medical records" of any kind.  *Id.*  The ALJ noted PTSD was first mentioned in Mr.

Fennen's medical records about 2008, when "Michael Jackson, ARNP, assessed 'rule out mild

PTSD.'"  *Id.*  Mr. Jackson works at the Veteran Administration ("VA") Medical Center.  *See* Tr.

336-449.  The VA Medical Center records show Mr. Fennen was screened as "**negative**" for

PTSD in November 2007.  Tr. 444.  Thereafter Mr. Jackson noted on July 18, 2008, Mr. Fennen

 "might have hx of mild ptsd," (Tr. 432) and in September 2008 that he had "mild PTSD."  Tr.

428.  From September 2008 to July 2009, Mr. Fennen reported fewer flashbacks.  *E.g.,* Tr. 410

("has flashbacks rarely"); Tr. 424 ("no longer having flashbacks"); Tr. 426 ("no flashbacks since

last seen").  However, about July 21, 2009, Mr. Fennen began reporting more and longer lasting

PTSD symptoms.  Tr. 404.

The ALJ also found Mr. Fennen's activities were inconsistent with a finding that PTSD

was a severe impairment during the relevant period.  The ALJ noted Mr. Fennen's medical

records from his 1999 hernia operation stated "he manages an area night club,"[4] and that Mr.

Fennen was able to "deal drugs on a scale meriting a seven year sentence as a middle man"

around 2002.[5]  Tr. 23.  Mr. Fennen's VA Medical Center records also noted that in 2009, he was

"writing a book of poems and a novel," and that he "enjoys writing his book."  Tr. 410, 424.

Accordingly, the ALJ provided clear and convincing reasons supported by substantial

evidence that PTSD was not a medically determinable mental impairment during the relevant

time period.  Drs. Bailey and Brownlee diagnosed Mr. Fennen with PTSD nine years after the

---

[3] The ALJ also found Mr. Fennen did not claim this was a disabling condition, and that there was
no indication the condition was a severe impairment.  Tr. 23.
[4]  *See* Tr. 294.
[5] Mr. Feenan was imprisoned from 2002 to 2006 for his criminal activities.  Tr. 23.

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 3

date last insured.  While that may establish PTSD was a medically determinable impairment in 2009, it does not automatically establish PTSD was medically determinable during the relevant time period.  The ALJ properly found there were no medical records showing Mr. Fennen had PTSD or was even suspected of having PTSD during the relevant time period.  In fact there were no medical records showing Mr. Fennen had any mental health problems during the relevant time period.  An ALJ may properly reject an examining doctor's opinion that is inconsistent with the record and not supported by objective evidence.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999).

Seven years after the date last insured, Mr. Fennen was screened **negative** for PTSD.  A year later in 2008, he was suspected of having mild PTSD.  After another year passed, he began reporting  more and longer lasting symptoms.  The longitudinal record thus indicates it was not until 2009 that the medical signs and symptoms that formed the basis of Drs. Bailey's and Brownlee's opinions arose.  Additionally, the ALJ properly found Mr. Fennen's activities as a night club manager in 1999 and drug dealer in 2002 were inconsistent with retroactive application of PTSD to the relevant time period.

Accordingly, the Court concludes the ALJ properly found PTSD was not a medically determinable impairment during the relevant time period and **AFFIRMS** the Commissioner's final decision, and **DISMISSES** the matter with prejudice.

DATED this 8th day of February, 2013.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 4